ELECTRONICALLY FILED
12/4/2020 6:37 PM
03-CV-2020-901462.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA

| | |
|---|---|
| CHAUNNEYISHA JACKSON | * |
| KEYONIA DAVIDSON | * |
| Plaintiffs, | * |
| | * Case Number: CV- |
| v. | * JURY TRIAL DEMANDED |
| | * |
| ONIN STAFFING LLC, | * |
| Defendant. | * |
| | * |

## COMPLAINT

Plaintiffs, Chaunneyisha Jackson and Keyonia Davidson, by and through their attorneys, Norman Hurst and Vicky Toles hereby complain against the above-named Defendant and in support thereof says as follows:

## PARTIES

1. The Plaintiffs, Chaunneyisha Jackson and Keyonia Davidson are over the age of 19 and are residents of Montgomery County and the State of Alabama.

2. The Defendant, Onin Staffing, LLC is a business operating in Montgomery County, and the State of Alabama.

3. At all times relevant, Onin Staffing, LLC employed more than fifteen (15) employees and was Plaintiffs' employer.

## FACTS

4. On or about October 2018, Plaintiff Jackson, a black female, began working as an On-Site Supervisor for Onin Staffing, LLC at their facility located in Montgomery County, Alabama.

5. On or about April 2019, Plaintiff Davidson, a black female, began working as an On-Site Supervisor for Onin Staffing, LLC at their facility located in Montgomery County, Alabama.

6. During their employment, a white male, Joel Galloway, was hired at a similar time but at a higher wage. The two female Plaintiffs were more educated, qualified, and possessed greater prior experience, as Plaintiffs had college degrees and believe Joel Galloway only had a high school diploma and less job experience.

7. Further, Joel Galloway was promoted to Lead On-Site Supervisor, a higher position over the Plaintiffs. Plaintiffs were not given notice of the job opening for Lead On-Site Supervisor nor were they given the opportunity to apply for said position.

8. The Plaintiffs were qualified for the position of Lead On-Site Supervisor.

9. In its continued efforts to deny Plaintiffs promotion opportunities, the Defendant began to target them with unwarranted disciplinary actions and retaliated against Plaintiffs by terminating their employment.

10. Plaintiffs were subjected to ongoing racial, gender, pay discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. As a result of the Defendant's unlawful actions, Plaintiffs have suffered adverse employment actions, monetary damages, emotional harm, and pain and suffering.

11. Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received Right to Sue letters. ("Exhibit A") and ("Exhibit B")

12. Plaintiffs timely file this lawsuit within 90 days of receipt of their EEOC Right to Sue letters.

## COUNT I

## VIOLATION OF TITLE VII-FAILURE TO PROMOTE

13. Plaintiffs adopt, reallege and incorporate by reference all of paragraphs 1-12 of this Complaint as if fully set forth herein.

14. This claim is brought under Title VII, 42 U.S.C. § 2000e, et seq.

15. Onin Staffing, LLC constitutes an "employer" within the meaning of Title VII (42 U.S.C. § 2000e-(b)), based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

16. Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Plaintiffs, Chaunneyisha Jackson and Keyonia Davidson, to disparate treatment based on their gender and race by denying them the promotion to Lead On-Site Supervisor, for which they were qualified. Plaintiffs are black females and, therefore, are members of protected classes. Plaintiffs suffered adverse employment actions in that they were denied promotions for which they were qualified.

17. The Defendant treated similarly situated employees who are not members of the protected class more favorably, namely, Joel Galloway. Specifically, a "similarly situated" employee who is not a member of their protected class, applied for the same promotion, was less qualified, and was awarded the promotion. Plaintiffs and the white male employee were similarly situated in all material respects.

18. The Defendant has offered no legitimate, non-discriminatory reasons for its denial of the promotion to Plaintiffs.

19. Any purported nondiscriminatory reasons for denying Plaintiffs the promotion that may be articulated by the Defendant are merely a pretext for intentional discrimination based on Plaintiffs' sex and race.

20. As a direct and proximate cause of Defendant's discriminatory conduct, Plaintiffs have suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

## COUNT II

## VIOLATION OF TITLE VII-RETALIATION

21. Plaintiffs adopt, reallege and incorporate by reference all of paragraphs 1-20 of this Complaint as if fully set forth herein.

22. Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Plaintiffs in retaliation for opposing Defendant's unlawful employment practices.

23. Plaintiffs engaged in statutorily protected activity by reporting unlawful discrimination occurring within the Defendant Onin Staffing, LLC.

24. Plaintiff Davidson suffered adverse employment action when instead of being paid the higher wage to which she was entitled, she was laid off. The layoff of Plaintiff Davidson was pretextual as her position was immediately posted on Indeed, an employment website.

25. Plaintiff Jackson suffered adverse employment action when she was subjected to unwarranted disciplinary actions and ultimately terminated for reporting racially motivated employment actions.

26. There is a causal link between Defendant's retaliation and Plaintiffs' protected activity, which are not completely unrelated. For example, Plaintiffs were disciplined and ultimately terminated within close temporal proximity to their complaints of unlawful discrimination.

27. As a direct and proximate cause of Defendant's retaliatory conduct, Plaintiffs have suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

## COUNT III

### VIOLATION OF EQUAL PAY ACT OF 1963

28. Plaintiffs adopt, reallege and incorporate by reference all of paragraphs 1-27 of this Complaint as if fully set forth herein.

29. Plaintiffs were employed in the same establishment as white male, Joel Galloway, where they performed equal work that required equal skill, effort, and responsibility under similar working conditions.

30. Nevertheless, Plaintiffs were unjustifiably paid a lesser wage than Joel Galloway.

31. As a direct and proximate cause of Defendant's conduct, Plaintiffs have suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

## COUNT IV

### BREACH OF CONTRACT

32. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-31 of this Complaint as if fully set forth herein.

33. There existed a valid, binding contract between Plaintiff Davidson and Onin Staffing, LLC by which Plaintiff Davidson agreed to perform certain work in exchange for an agreed upon pay rate.

34. Plaintiff Davidson performed all obligations to which she was bound under said agreement.

35. Defendant Onin Staffing, LLC failed to perform in accordance to said agreement by not paying Plaintiff Davidson the agreed upon wage amount.

36. Due to Defendant's breach, Plaintiff Davidson suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants on each of their respective claims, and:

    b. Award the Plaintiffs backpay;

    c. Award Plaintiffs front pay, if appropriate;

    d. Award the Plaintiffs actual damages;

    e. Award Plaintiffs compensatory damages;

    f. Award Plaintiffs punitive damages against Defendants Onin Staffing, LLC;

    g. Award Plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, Title VII, and pursuant to any other applicable statute or law;

    h. Award Plaintiffs their reasonable costs associated with bringing these claims;

    j. Award Plaintiffs prejudgment interest on Defendant's damages award;

k.      Award Plaintiffs all other relief as the Court deems appropriate, equitable and just.

RESPECTFULLY submitted this the 4th day of December, 2020.

ATTORNEYS FOR PLAINTIFFS:

/s/ Norman Hurst

NORMAN HURST (HUR 016)

/s/ Vicky U. Toles

VICKY U. TOLES (UND 014)

Law Office of Norman Hurst
P.O. Box 5251
Montgomery, AL  36103
(334) 398-2319
(334) 269-6449 Fax

Law Offices of Vicky U. Toles
922 South Perry Street
Montgomery, AL 36104
(334) 832-9915
(334)832-9917 fax

**PLAINTIFF DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ELECTRONICALLY FILED
12/4/2020 6:37 PM
03-CV-2020-901462.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## DISMISSAL AND NOTICE OF RIGHTS

To: Chaunneyisha L. Jackson
3580 Mghee Place Dr. S. Apt. 202
Montgomery, AL 36111

From: Birmingham ~~District Office~~
Ridge Park Place
1130 22nd Street South
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02229 | ALICIA E. MARTIN-SCHUTZ, Investigator | (205) 651-7054 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Sheri Guenster /for *(Digitally signed by Sheri Guenster, Date: 2020.08.27 08:19:03 -05'00')*

**BRADLEY A. ANDERSON,**
District Director

SEP 0 8 2020
*(Date Mailed)*

Enclosures(s)

cc: **ONIN STAFFING**
c/o Teresa Dole
Human Resources
1 Perimeter South
Suite 450 N
Birmingham, AL 35243

ELECTRONICALLY FILED
12/4/2020 6:37 PM
03-CV-2020-901462.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Keyonia V. Davidson<br>3017 Black Warrior Drive<br>Montgomery, AL 36110 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-00206 | RICHARD GROOMS,<br>Federal Investigator | (205) 651-7048 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

James E. Love Sr

NOV - 5 2020

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**

(Date Mailed)

cc: **ONIN Staffing**
c/o Maynoard Cooper & Gale P.C.
Warren B. Lightfoot, Esq.
1901 6th Avenue North
Birmingham, AL 35203